IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

EDWIN WALLACE,                          :
                 Plaintiff,             :
          v.                            :    Case No. 3:06-cv-255-KRG-KAP
TERRY LEE JORDAN, PHYSICIAN             :
ASSISTANT at S.C.I. SOMERSET,           :
et al.,                                 :
                 Defendants             :

## MEMORANDUM ORDER

This matter was referred to Magistrate Judge Keith A. Pesto for proceedings in accordance with the Magistrates Act, 28 U.S.C.§ 636(b)(1), and subsections 3 and 4 of Local Rule 72.1 for Magistrate Judges.

The Magistrate Judge filed a Report and Recommendation on December 2, 2008, docket no. 38, recommending that defendants' motions to dismiss the complaint, docket no. 21 and docket no. 23, be granted. The parties were notified that pursuant to 28 U.S.C.§ 636(b)(1), they had ten days to serve and file written objections to the Report and Recommendation. Plaintiff filed timely objections which, if one interprets them broadly, amend his complaint to allege that defendant Physician's Assistant Jordan actually knew that the bones in plaintiff's foot were broken and nevertheless took plaintiff's crutches away without taking any action to treat plaintiff. docket no. 39-1 at 2. At this stage of the proceedings, that adequately alleges a claim of deliberate indifference against Physician's Assistant Jordan.

Because the Magistrate Judge recommended the dismissal of all the federal claims, he recommended dismissing the

plaintiff's state law negligence claims without prejudice. To maintain a negligence claim for medical malpractice under Pennsylvania law, a plaintiff must ordinarily provide an affidavit from a medical professional in the appropriate area of practice stating that the defendant medical care provider deviated from an acceptable standard of care. See Velazquez v. UPMC Bedford Memorial Hospital, 328 F.Supp.2d 549 (W.D.Pa.2004), analyzing Pa.R.Civ.P. 1042.3 in light of Chamberlain v. Giampapa, 210 F.3d 154 (3d Cir.2000). Plaintiff's failure to file adequate certificates of merit where expert testimony is clearly needed precludes him from proving any negligence claim against any defendant except Jordan. Even for the claim against Jordan plaintiff will eventually need to have expert testimony in support of causation and damages.

Upon de novo review of the record of this matter and the Report and Recommendation, the following order is entered:

AND NOW, this 17th day of December 2008, it is

ORDERED that defendants' motion to dismiss the complaint, docket no. 23, is granted and defendants' motion to dismiss the complaint, docket no. 21, is granted in part. The complaint is dismissed as to all defendants and claims except the claims of deliberate indifference and negligence against defendant Jordan. Defendant Jordan shall file an answer to the complaint within twenty days. The Report and Recommendation, as supplemented by

this Memorandum Order, is adopted as the opinion of the Court. The Clerk shall terminate docket no. 35 as moot.

BY THE COURT:

KIM R. GIBSON,
UNITED STATES DISTRICT JUDGE

Notice by ECF to counsel of record and by U.S. Mail to:

Edwin Wallace EE-1120
S.C.I. Somerset
1600 Walters Mill Road
Somerset, PA 15510